**Francis B. BURCH, Attorney General of the State of Maryland, Appellee,**

**v.**

**The GOODYEAR TIRE & RUBBER COMPANY, Appellant,**

**and**

**Cities Service Oil Company, Defendant.**

**No. 76–2314.**

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1977.

Decided May 10, 1977.

---

Marshall Cox, New York City (Cahill Gordon & Reindel, New York City, Thomas D. Washburne, Ober, Grimes & Shriver, Baltimore, Md., Denis McInerney New York City, Gerald J. Brown, Washington, D.C., and Thomas A. Deveny, III, Akron, Ohio, on brief), for appellant.

Thomas M. Wilson, III, Asst. Atty. Gen., Baltimore, Md., (George A. Nilson, Deputy Atty. Gen., Charles O. Monk, II, Asst. Atty. Gen., and Francis B. Burch, Atty. Gen., Baltimore, Md., on brief), for appellee.

Before WINTER, BUTZNER and HALL, Circuit Judges.

HALL, Circuit Judge:

This case comes before this court as an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) in the procedural context of a review of the propriety of the district court ruling below denying Goodyear's motion to dismiss an antitrust counterclaim filed against Goodyear by the Attorney General of the State of Maryland. The decision of the court below is reported. *See Burch v. Goodyear Tire & Rubber Co.*, 420 F. Supp. 82 (D. Md. 1976) for a more comprehensive factual statement. We affirm.

The legal issue involved is whether or not the Attorney General of the State of Maryland has standing to sue for *injunctive relief* under Section 16 of the Clayton Act, 15 U.S.C. § 26 in its quasi-sovereign capacity as *parens patriae*, trustee, guardian, and representative of the citizens of Maryland where the damage claimed is to the detriment of the citizens of Maryland and the general economy of the state.[1]

Goodyear contends that under Section 16 of the Clayton Act, a mere allegation of general injury to the general economy of a state is insufficient to confer standing upon the attorney general to sue for injunctive relief, *parens patriae*. Rather, there must be a threatened direct personal injury to the state in its proprietary capacity in addition to the quasi-sovereign interests of the state, and secondly, the injury affecting the quasi-sovereign interest of the state must be separate and apart from an injury which affects individuals and for which they themselves could bring suit. We disagree.

■ First. We agree with the reasoning of the district court and the precedent upon which it relied. Allegations of injury to the general economy of the State of Maryland are sufficient to confer standing upon the Attorney General of Maryland in an antitrust suit filed in a *parens patriae* capacity

---

1. Other issues raised in the court below but not subject to a determination by this court are whether or not the Sherman Section 1 counts of the counterclaim (counts one and two—15 U.S.C. § 1) state a claim upon which relief can be granted, and whether count three of the counterclaim involving Section 2(c) of the Robinson-Patman Act, 15 U.S.C. § 13(c) likewise states a claim upon which relief can be granted. The district court held that all three counts stated a claim upon which relief could be granted.

where the Attorney General seeks to sue on behalf of the citizens of Maryland for injunctive relief. *Burch v. Goodyear Tire & Rubber Co.*, 420 F.Supp. 82, 87 (D.Md.1976); *Georgia v. Pennsylvania R.R. Co.*, 324 U.S. 439, 447, 450–451, 65 S.Ct. 716, 89 L.Ed. 1051 (1945); *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 257–60, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972) (*dictum*); *In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F.2d 122 (9th Cir. 1973); *cert. denied*, 414 U.S. 1045, 94 S.Ct. 551, 38 L.Ed.2d 336; *reh. denied*, 414 U.S. 1148, 94 S.Ct. 905, 39 L.Ed.2d 104.

■ Second. We also believe that the congressional intent regarding the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94–435, 90 Stat. 1383 (1976), disclosed congressional recognition that state attorneys general suing as *parens patriae* clearly have standing to seek injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26. See the statement by Representative Peter W. Rodino, Jr., 122 Cong. Rec. H10295–10296 (daily ed. Sept. 16, 1976);[2] also see the statement by the late Senator Phillip A. Hart expressly referring to *Georgia v. Pennsylvania R.R. Co.*, *supra* at 122 Cong. Rec. S15417–15418 (daily ed. Sept. 8, 1976).[3]

Concededly, as Goodyear points out, the Hart-Scott-Rodino Antitrust Improvements Act relates solely to monetary damages, but the statements made by Representative Rodino and Senator Hart, two of the named sponsors of the Bill, nevertheless explicitly recognize the long standing power of the attorneys general to proceed *parens patriae* in suits for injunctive relief under Section 16 of the Clayton Act.

Accordingly, for the reasons contained in this and the district court's opinion, the judgment is

*AFFIRMED.*

2. Third. The House bill authorized only 'damages.' The Senate bill authorized 'monetary relief' and 'other relief' to 'prevent or remedy' the violation. According to the Senate report, 'other relief' means restitution, injunctive relief, or equitable relief—such as a decree of divestiture. The compromise bill authorizes only monetary relief. That is because restitution seems unnecessary in light of the broad authority for damage recoveries conferred by the compromise bill. As for injunctive relief, the compromise bill omits any reference to it *solely because such relief is already available* to State attorneys general, acting as parens patriae in injunctive actions under the Clayton Act, 15 United States Code, section 26. The compromise bill, therefore, in no way alters the current case law on parens patriae injunctive relief. Provision for equitable relief; that is, decrees of divestiture, was squarely rejected by the House conferees in the belief that State attorneys general should not be authorized to file parens suits seeking divestiture.

3.                EQUITABLE RELIEF

The original Senate-passed bill provided that a State attorney general could obtain monetary and other relief to remedy any damage to natural persons by reason of a per se violation of the antitrust laws or patent fraud.

The original House-passed bill provided for only damages, i.e., monetary relief. The House supported the concept of State attorneys general being able to get injunctions to halt antitrust violations which were injuring their consumers, but the House felt that the Supreme Court's decision in *Georgia v. Pennsylvania R.R.*, 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945) clearly authorized parens patriae suits for injunctive relief under section 16 of the Clayton Act.

The Byrd motion drops any mention of relief other than monetary relief because of the Senate concurrence with the House with respect to the right of the States to obtain appropriate relief under section 16 pursuant to the *Georgia* decision. It is intended that the States be able to continue using section 16 to obtain appropriate injunctive relief. Nothing in the Byrd motion is intended to deny the States the right to seek and obtain such relief.