HUGHES AUTOMOTIVE, INC.

v.

MID–ATLANTIC TOYOTA DISTRIBU-
TORS, INC., et al.

Civ. No. Y–81–2156.

United States District Court,
D. Maryland.

July 29, 1982.

Thomas G. Corcoran, Jr., John J. Kelly, Washington, D. C., and Matthew W. Black, Jr., Rockville, Md., for plaintiff.

James M. Kramon, Baltimore, Md., Raymond W. Bergan, Scott Blake Harris, and William J. Murphy, Washington, D. C., for defendants Mid-Atlantic Toyota Distributors, Inc., Carecraft Industries, Ltd. and Frederick R. Weisman.

Jerry R. Goldstein, Rockville, Md., and Daniel Rosen, New York City, for defendants Polyglycoat Corp., Polyglycoat Rustproofing Corp., Polyglycoat Textile Sealant Corp. and Walter Fiveson.

MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

The complaint in this action claims that six corporations and two individuals violated the antitrust laws through the sale of "Polyglycoat" products to Toyota dealers in the Washington, D. C. area, including Maryland, Delaware, and Northern Virginia. Plaintiff is a distributor of "Polyglycoat" products in the Washington, D. C. area, who claims to have been the exclusive dealer for these products in this area until the defend-

ants combined to restrain trade in these products. The complaint seeks treble damages under 15 U.S.C. § 15 by reason of violation of Sections 1, 2 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 2, 3; and Section 3 of the Clayton Act, 15 U.S.C. § 14.

Defendants moved to dismiss for failure to state a claim under Rule 12(b)(6) F.R. Civ.P., and lack of standing. Accepting as true the material facts alleged in the complaint, the Court finds that the plaintiff has sufficiently stated a claim under Count One for violations of Sections 1 and 3 of the Sherman Act and for Section 3 of the Clayton Act. *Hospital Building Co. v. Rex Hospital Trustees*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). The complaint is deficient in its allegations of attempt to monopolize and conspiracy to monopolize. Count Two will therefore be dismissed with leave to amend.

PARTIES

Plaintiff claims to have been the exclusive distributor of "Polyglycoat" products in the Washington, D. C., area before the conduct giving rise to this law suit began. "Polyglycoat" is the trademark of a line of protective chemical sealants and coatings produced and distributed by defendant Polyglycoat Corporation. Defendant Polyglycoat Rustproofing Corporation has produced and/or sold to distributors "Polyglycoat" sound shield and rustproofing shield since March, 1979. Defendant Polyglycoat Textile Sealant Corporation has sold and/or produced "Polyglycoat" vinyl Two-Step and textile sealant since March, 1979. Defendant Walter Fiveson was president, and a director of all the above corporations during the relevant period, and, with his wife, effectively owned all of the stock of those corporations.

The other defendants are firms in the chain of marketing of Toyota vehicles in the United States, and specifically in the Mid-Atlantic region. Defendant Mid-Atlantic Toyota (MAT) buys Toyota vehicles from the manufacturer in Japan, and sells them to authorized Toyota dealers in plaintiff's alleged distributorship territory and

elsewhere. Defendant CPC Distributors, Inc. sold and distributed "Polyglycoat" products in portions of the plaintiff's claimed distributorship territory. Defendant Carecraft Industries, Ltd. (previously CAC) is the port servicing agent for MAT, which prepares the Toyotas shipped to MAT in Baltimore for sale to Toyota dealers by applying "distributor installed accessories, including "Polyglycoat" products. Defendant Frederick Weisman was president, principal operating officer and sole director of MAT, president and a director of CPC, and chief Executive Officer and sole Director of CAC, during the relevant time period.

## CLAIM

Plaintiff claims that, beginning at some unknown date and continuing thereafter until approximately December, 1980, defendants and their co-conspirators engaged in a combination or conspiracy in *per se* unreasonable restraint of interstate commerce in violation of 15 U.S.C. § 1, 3 and 14. The terms of the continuing agreement made the purchase by dealers and retail customers of Toyota automobiles conditioned upon the purchase of "Polyglycoat" products sold to MAT by other defendants and applied by CAC at the Port of Baltimore. Plaintiff claims that this unlawful combination had the effect of restraining competition in the sale of "Polyglycoat" products in this area, and specifically that distributors such as plaintiff were deprived of the opportunity to compete freely for the sale of "Polyglycoat" products to Toyota dealers. Plaintiff claims injury to its business and property as a direct result of this allegedly illegal combination.

■ Defendants moved to dismiss claiming that plaintiff does not have standing to bring this action, and that the complaint fails to state a claim upon which relief may be granted. Defendants' Motion to Dismiss Count One must be denied. Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Building Co. v. Rex Hospital Trustee, supra,* 425 U.S. at 746, 96 S.Ct. at 1853, *quoting Conley v.*

*Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1956). This is especially true in antitrust cases when proof of conspiracy is largely in the hands of the alleged conspirators. *Id., citing Poller v. Columbia Broadcasting,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). *See also Burch v. Goodyear Tire & Rubber Co.,* 420 F.Supp. 82 (D.Md.1976), *aff'd,* 554 F.2d 633 (4th Cir. 1977); *South Carolina Council of Milk Producers, Inc. v. Newton,* 360 F.2d 414 (4th Cir.), *cert. denied,* 385 U.S. 934, 87 S.Ct. 295, 17 L.Ed.2d 215 (1966).

■ The plaintiff alleged that the purchase of Toyota vehicles was conditioned on the purchase of "Polyglycoat" products applied to those vehicles. Complaint, ¶ 21. This is sufficient to allege a tie-in for purposes of a Motion to Dismiss. *See In re Mid-Atlantic Toyota Antitrust Litigation,* 525 F.Supp. 1265 (D.Md.1981). Whether plaintiff will be able to prove the essential elements of a *per se* claim of tying under the Sherman Act, *i.e.,* (1) the existence of a tie between two distinct products; (2) that the defendant has significant economic power in the typing product; and (3) that a substantial amount of interstate commerce in the tied product is restrained, *e.g., Fortner Enterprises, Inc. v. United States Steel Corporation,* 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969), is a matter for trial.

■ Plaintiff has likewise sufficiently pleaded injury and causation to accord it standing to bring this action. Plaintiff alleges that it is a competitor of the "Polyglycoat" distributors, and has thus been deprived of the opportunity to compete for Toyota's business. Plaintiff alleges that the illegal combination directly and proximately injured it in its business and property. Plaintiff has standing to bring this action because it is "within the sector of the economy in which the violation threatened a breakdown of competitive conditions." *South Carolina Council of Milk Producers, Inc. v. Newton, supra,* 360 F.2d at 418. Defendants claim that the reason for plaintiff's injury, if any, was not a violation of the antitrust laws, but a breach of plaintiff's exclusive contract. This is a matter

for defense, but not a reason for dismissing the complaint, which is sufficient on its face.

■ Count Two must be dismissed, however, because it fails to state a cause of action. Plaintiff attempts to state two causes of action under Section 2 of the Sherman Act, 15 U.S.C. § 2. One claim is attempt to monopolize and one is for conspiracy to monopolize. Liberally construed, and taking into account the allegations made in Count One, count two is deficient because it does not allege defendants' specific intent to monopolize and the dangerous probability that the attempt would result in a monopoly. *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1376–77 (10th Cir. 1980). In addition, plaintiff has failed to allege the relevant market in Count Two. A relevant market must include a product market which consists of products or services in competition with each other. *E.g., Bendix Corp. v. Balax Inc.*, 471 F.2d 149 (7th Cir. 1972), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973).

Accordingly, it is this 29th day of July, 1982, by the United States District Court for the District of Maryland, ORDERED:

1. That defendants' motion to dismiss BE, and the same IS, hereby DENIED, as to Count One, and GRANTED as to Count Two;

2. That plaintiff shall have leave to amend Count Two of the Complaint within 20 days of this Order; and

3. That defendants shall answer both Counts to the Complaint within 20 days of the filing of the Amended Complaint.